UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CATHERINE PAYE** ) | ECF CASE |
| ) | |
| **Plaintiff** ) | Case Number: |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| ) | |
| **ACB AMERICAN, INC.** ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Catherine Paye, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Catherine Paye, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of New York General Business Law §349, violations of the New York General Business Law §601 and violations of the New York City Consumer Protection Law § 5-77, all of which prohibit deceptive acts and practices in the collection of debt.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this District and the Defendant conducts business in this District.

## III.  PARTIES

4. Plaintiff, Catherine Paye, is an adult natural person residing at 2256 Monroe Oceans CL Road, Holley, New York 14470.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, ACB American, Inc. ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the state of New York with a primary address located at 4351 Winston Avenue, Covington, KY 41015.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about May 15, 2011, Plaintiff started to receive harassing calls to her home and personal cell phone from Defendant's agent, "Brandy Whitley", demanding payment on a debt allegedly owed on a Citi/Home Depot account.

8. At that time, Plaintiff was informed that she owed approximately $9,420.06 and the Defendant wanted the entire balance paid immediately.

9. On or about May 16, 2011, Plaintiff received written notice from Defendant's agent, "Brandy Whitley", which was also looking for payment of the full balance due on aforementioned account.  **See "EXHIBIT A" (notice) attached hereto**.

10. Despite Plaintiff having thirty (30) days to dispute the validity of the debt, Plaintiff continued to receive constant collection calls from the Defendant demanding payment be made immediately.

11. On or about that same day, May 16, 2011, Defendant's agent, "Brandy Whitley", also began calling the Plaintiff at her place of employment.

12. Defendant's agent, "Brandy Whitley", informed Plaintiff's co-worker who answered the phone that she was calling from a collection agency and that the call was in regards to the Plaintiff's delinquent debt.

13. Plaintiff's co-worker transferred Defendant's call to Plaintiff.

14. Defendant's agent, "Brandy Whitley", insisted that the Plaintiff set up monthly payments of $600.00 a month until the debt was paid in full.

15. Plaintiff insisted that the Defendant not call her in work again.

16. Plaintiff also informed Defendant's agent, "Brandy Whitley", that she had personal legal counsel and that the Defendant needed to call and speak with them directly in this matter.

17. Defendant's agent, "Brandy Whitley", told the Plaintiff that the Defendant would not work with her attorney and that the Plaintiff needed to work with the Defendant personally.

18. Before ending the call, Defendant's agent, "Brandy Whitley", told the Plaintiff that she had until 5:00 pm to make a payment or the Defendant would garnish her wages.

19. Despite being told not to call Plaintiff at work again, Defendant's agent, "Brandy Whitley", continued to call the Plaintiff at her place of employment almost daily, threatening each time to garnish the Plaintiff's wages if she did not make a payment to the Defendant by 5:00 pm.

20. Plaintiff states that Defendant's agent, "Brandy Whitley", spoke to Plaintiff's co-workers on at least five (5) occasions in reference to the Plaintiff's debt.

21. On or about May 20, 2011, Plaintiff's attorney sent Defendant a cease and desist letter. **See "EXHIBIT B" (letter) attached hereto**.

22. Defendant continued to call the Plaintiff.

23. On or about May 25, 2011, Defendant's agent, "Brandy Whitley", called the Plaintiff at her place of employment stating that she needed to confirm the Plaintiff's employment for wage garnishment.

24. On or about May 26, 2011, Plaintiff received another call to her place of employment from Defendant's agent, "Brandy Whitley", who scolded the Plaintiff for not paying her debt and said that the Defendant was just going to mark the Plaintiff's file as a refusal to pay.

25. On or about May 27, 2011, Defendant's agent, "Brandy Whitley", called the Plaintiff again at her place of employment looking for payment on this account.

26. Plaintiff is fearful of losing her job due to Defendant's constant calls and humiliated that her co-workers are aware of her debt.

27. On or about June 1, 2011, Plaintiff received another call from Defendant's agent, "Brandy Whitley", at her place of employment.

28. On or about June 2, 2011, Defendant's agent, "Brandy Whitley", called the Plaintiff's place of employment again demanding payment on this debt.

29. On or about that same date, June 2, 2011, Plaintiff's attorney called the Defendant and spoke with agent, "Brandy Whitley", reminding her again that the Plaintiff is represented by personal legal counsel and that the Defendant has also been sent a cease and desist letter.

30. Plaintiff's attorney also asked Defendant's agent, "Brandy Whitley", why she continued to call the Plaintiff at her place of employment despite being told on several occasions to stop.

31. Defendant's agent, "Brandy Whitley", replied that the Defendant was just going to close the Plaintiff's account, because the Defendant will never work with the Plaintiff's attorney.

32. As of the filing of this complaint, Plaintiff continues to receive calls from the Defendant despite Defendant's knowledge that the Plaintiff is represented by an attorney.

33. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

34. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

35. The Defendant and their agent's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

36. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

37. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

38. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

39. As a result of Defendant conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendant, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692c(a)(1): | At any unusual time, unusual place, unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(a)(2): | After it knows that the consumer is represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3): | At place of employment when it knows that the employers prohibits such communication |

| | |
|---|---|
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692c(c): | After written notification that the consumer refused to pay the debt, or that the consumer is represented by an attorney |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Non-payment of debt will result in garnishment |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, ACB American, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

43.   Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

44.   Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

45.   GBL §349 provides in relevant part as follows:

(a)   Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)   This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h)   In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of

damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

46. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### Violations of New York General Business Law §601

47. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

48 Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

49. GBL §601 provides in relevant part as follows:

(a) Communicate or threaten to communicate the nature of a consumer claim to the Debtor's employer prior to obtaining a final judgment against the

        debtor. The provisions of this subdivision shall not prohibit a principal creditor from communicating with the debtor's employer to execute a wage assignment agreement if the debtor has consented to such an agreement;

    (b)    Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor;

    (c)    Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist;

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT IV

### Violations of the New York City Consumer Protection Law

### §5-77 Debt Collection Practices

50.    Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

51. This rule supplements the Federal Fair Debt Collection Practices Act. It is applicable to "in-house" collectors, in addition to collection agencies and individual collectors in the collection of consumer debts.

52. Under New York City Consumer Protection Law, deceptive acts or practices in the conduct of any business conducted in the State of New York §5-77 are unlawful.

    (a) May not contact a third party more than once (employer) when trying to locate a consumer

    (b) The collector may not call the consumer between 9pm and 8 am nor may the collector call with **"excessive frequency"** (more than twice a week). The collector is not allowed to call the consumer at work if the collector has reason to believe that consumer's employer would disapprove

    (c) The consumer has the right to tell a collector to stop calling him/her, and then the collector will only be able to send one further communication indicating that action will be taken.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Date: June 28, 2011

Respectfully submitted,

WARREN & VULLINGS, LLP

BY: _____
Bruce K. Warren, Esquire

Bruce K. Warren, Esq.
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff